UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HAEDYN-KHRIS RAQUEL BEAUMANN,<br><br>                     Plaintiff,<br>    v.<br><br>OFFICER BAYLESS, et al.,<br><br>                     Defendants. | CASE NO. 2:20-cv-01782-LK<br><br>AMENDED[1] ORDER ADOPTING REPORT AND RECOMMENDATION |

   This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge S. Kate Vaughan, Dkt. No. 35, and the objections thereto filed by Plaintiff Haedyn–Khris Beaumann. Dkt. No. 42. Having reviewed the Report and Recommendation, Ms. Beaumann's objections, and the balance of the record, the Court adopts the Report and Recommendation as set forth below.

---

[1] This Order AMENDS and REPLACES Dkt. # 46 and is issued to clarify that the word "likely" on page 2, line 5 of that Order modifies both "ligament tears" and "MCL sprain." The parties shall disregard the prior Order.

AMENDED0F ORDER ADOPTING REPORT AND RECOMMENDATION - 1

## I.     DISCUSSION

Ms. Beaumann is proceeding pro se and in forma pauperis. Dkt. Nos. 5, 8. She brings a claim under 42 U.S.C. § 1983 alleging that Defendants—Nurse Radostina Decheva and Officers Bayless and O'Campo at the King County Correctional Facility ("KCCF") in Seattle—violated her Fourteenth Amendment rights by denying her a functional knee immobilizer after she injured her knee in custody. Dkt. No. 35 at 1. After Ms. Beaumann experienced knee pain after landing awkwardly from a jump, doctors at Harborview Medical Center ("HMC") diagnosed her with likely ligament tears and a likely MCL sprain, and ordered her to wear a knee immobilizer to reduce pain and prevent further damage. *Id.* at 3; Dkt. No. 25 at 46. Officer Bayless informed Ms. Beaumann and the HMC provider that if the immobilizer had metal in it, it might need to be removed at the jail for security reasons. Dkt. No. 35 at 5; Dkt. No. 22 at 2. Once they returned to the KCCF on November 21, 2020, Nurse Decheva determined that the metal in the knee immobilizer was not medically necessary for the immobilizer to function because the Velcro and plastic supports in the device kept the knee straightened, and she ordered the removal of the metal supports from the immobilizer. Dkt. No. 35 at 5–6; Dkt. No. 23 at 2. Officers Bayless and O'Campo removed the metal. Dkt. No. 35 at 6; Dkt. No. 22 at 2; Dkt. No. 24 at 2.

The same day, Ms. Beaumann submitted a written request (a "kite") to have the metal reinserted. Dkt. No. 25 at 3. On December 1, 2020, jail staff determined that for security reasons, Ms. Beaumann would have to be housed in the infirmary for that to happen, and she was moved to the infirmary on December 2, 2020. *Id.* at 4. The next day, Ms. Beaumann submitted a kite stating that she did not wish to remain in the infirmary and asking to have the brace removed so she could return to the general population. *Id.* Ms. Beaumann was returned to general population the same day without the brace. *Id.*

Ms. Beaumann alleges that as a result of Defendants' actions, she went for 12 days without

1  a functional knee immobilizer, which caused increased pain and subjected her to a substantial risk

2  of serious injury. Dkt. No. 35 at 4. In January 2021, an MRI was performed on Ms. Beaumann's

3  knee that confirmed a meniscal tear with no evidence of any injury to the ligaments. *Id.* at 7. She

4  subsequently underwent arthroscopic surgery to repair the knee. *Id.*

5        Defendants moved for summary judgment, arguing that they did not violate Ms.

6  Beaumann's Fourteenth Amendment rights and were not deliberately indifferent to a serious

7  medical need. Dkt. No. 21 at 1. After seeking and obtaining an extension of time, Ms. Beaumann

8  responded and opposed the motion. Dkt. Nos. 27, 29, 30.

9        Judge Vaughan issued a Report and Recommendation recommending that the Court grant

10  Defendants' motion for summary judgment. Dkt. No. 35 at 2. Judge Vaughan explained that for a

11  pretrial detainee like Ms. Beaumann to establish a Fourteenth Amendment claim, she must

12  demonstrate that:

> (1) the defendant made an intentional decision with respect to conditions under which the plaintiff was confined; (2) the conditions put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to abate the risk, "even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious;" and (4) by not taking such measures, the defendant caused plaintiff injury.

17  *Id.* at 9–10 (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018)). Judge

18  Vaughan explained that while the first factor was met by Defendants' removal of the metal from

19  the immobilizer, there was no evidence in the record to support any of the other *Gordon* elements.

20  *Id.* at 11. Nurse Decheva determined that the metal in the device was not necessary for the

21  immobilizer to function, Dkt. No. 23 at 2, and Dr. Sanders, the Medical Director of King County

22  Jail Health Services, explains in his declaration that a knee immobilizer is not helpful or necessary

23  for a meniscal injury because the patient does not need to be immobilized, Dkt. No. 25 at 1. *See*

24  *also* Dkt. No. 35 at 11. The Report and Recommendation concluded:

    Plaintiff has not demonstrated that the removal of the metal supports put her at substantial risk of suffering serious harm, and the record makes clear that she was provided crutches to assist with pain and stability. When she was provided the opportunity to wear the knee immobilizer in the infirmary with the metal supports in place—an accommodation she believed was necessary to reduce pain and prevent her from suffering additional injury to the damaged knee—the evidence demonstrates that Plaintiff rejected the accommodation within a day. Finally, the Court notes that the record is devoid of any evidence that Plaintiff suffered any actual injury as a result of Defendants' removal of the metal supports from the knee immobilizer.

*Id.* at 13.

    Ms. Beaumann timely filed her objections to the Report and Recommendation, Dkt. No. 42, and Defendants responded to the objections, Dkt. No. 44. The Court determines de novo the parts of the R&R to which Ms. Beaumann has objected. Fed. R. Civ. P. 72(b)(3).

    Ms. Beaumann first notes that courts must construe pro se filings liberally and not apply summary judgment rules strictly. Dkt. No. 42 at 2–3. The rule requiring Courts to construe pro se inmates' filings liberally and avoid applying summary judgment rules strictly does not exempt those parties "from *all* compliance." *Soto v. Unknown Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (emphasis in original). They must still support their summary judgment opposition with "some competent evidence." *Id.*; *see also Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (even construed liberally, petitioner's filings failed to identify evidence supporting his claim). In this case, Ms. Beaumann has not shown that the R&R held her to an improper standard.

    Nor has Ms. Beaumann provided evidence to support the other *Gordon* elements. The crux of her objections is that the R&R erred because Defendants' removal of the metal supports from the immobilizer could have caused her injury if she had an MCL sprain. Dkt. No. 42 at 4–5. She argues that the Defendants' factual allegations "are incomplete" because they discuss only that she had been diagnosed with a likely meniscal injury, when the records also show that HMC providers diagnosed a "likely MCL sprain." Dkt. No. 42 at 3. But, ultimately, she was determined to have a

meniscal tear, an injury a knee immobilizer does not aid. Dkt. No. 25 at 4; *see also* Dkt. No. 42 at 5 (agreeing in objections that "in the end, it was determined that there was no MCL sprain"). And Dr. Sanders noted that her injury did not have the "laxity which might be expected with a serious sprain of MCL." Dkt. No. 25 at 31. Even if a doctor at HMC told Ms. Beaumann that the metal supports were needed for the immobilizer to function as she claims, Dkt. No. 42 at 5, Defendants' alleged failure to provide a functioning knee immobilizer did not put her at substantial risk of suffering serious harm from a potential injury she did not have.

Ms. Beaumann also argues that the R&R erred in stating that Nurse Decheva "determined that the metal in the device was not necessary for the immobilizer to function." *Id.* at 3–4; Dkt. No. 35 at 11. But the R&R correctly characterized Nurse Decheva's opinion, Dkt. No. 23 at 2, which was consistent with Dr. Sanders' opinion that the "heavy nylon and Velcro straps" in the immobilizer functioned to keep Ms. Beaumann's leg extended without the metal supports, Dkt. No. 25 at 4. And Ms. Beaumann does not allege or demonstrate that the lack of metal supports caused her injury as required to meet the fourth *Gordon* factor. *Gordon*, 888 F.3d at 1125.

Ms. Beaumann also alleges that the removal of the metal supports "caused her to experience increased pain." Dkt. No. 42 at 5. The R&R explained that Ms. Beaumann "appears to base this assessment on the brief period of time during which she was being transported from the HMC back to KCCF on November 21, 2020, with the knee immobilizer in place." Dkt. No. 35 at 12. The R&R went on to explain that the unsurprising fact that Ms. Beaumann "experienced less pain during a short car trip than she did once she was up and moving around the facility does not speak to the efficacy of the modified immobilizer." *Id.* Ms. Beaumann asked to leave the infirmary—where she was allowed to keep the metal supports in the immobilizer—after just one day, and she reported that her knee pain was improving. *Id.* at 12–13. Ms. Beaumann does not dispute any of those facts, but nevertheless argues that it should be up to the jury to decide the

efficacy of the immobilizer. Dkt. No. 42 at 6, 8. But the evidence—or lack thereof—could not permit a reasonable jury to return a verdict in her favor: Ms. Beaumann has not provided facts to show that she was at substantial risk of suffering serious harm, that Defendants failed to take reasonable measures to abate the risk, or that their actions caused her injury. Accordingly, summary judgment is warranted. The Court adopts the R&R and grants Defendants' motion for summary judgment.

## II.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) the Court ADOPTS the Report and Recommendation, Dkt. No. 35;

(2) Defendants' motion for summary judgment, Dkt. No. 21, is GRANTED; and

(3) Plaintiff's amended complaint, Dkt. No. 8, and this action are DISMISSED with prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to Ms. Beaumann at her last known address.

Dated this 14th day of October, 2022.

Lauren King
United States District Judge